IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARLOW GRIFFIN                                                              PLAINTIFF

v.                              No. 2:21-cv-100-DPM

BURLINGTON INSURANCE COMPANY                               DEFENDANT

ORDER

**1.** Marlow Griffin sued Delta Waste Disposal in federal court for injuries sustained after being thrown from one of Delta's garbage trucks. Griffin did not work for Delta. He was helping get the truck loose from a Suddenlink wire that had snagged the vehicle. Griffin also filed this declaratory action against Burlington, Delta's insurer, in state court seeking confirmation that his injuries would be covered under Delta's Burlington policy. Burlington removed the case here and moves to dismiss Griffin's complaint for lack of justiciability. Griffin maintains that this case can and should be resolved now, but he wants it remanded to state court. He argues that the requirements for federal jurisdiction haven't been met. The Court regrets its delay in tending to these motions.

**2.** This Court must address subject matter jurisdiction first. All doubts must be resolved in favor of remand. *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). It's undisputed that there's complete diversity between the parties. The

amount in controversy, however, is disputed. In declaratory judgment actions to determine whether an obligation exists under an insurance policy, the amount in controversy "ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible." *Scottsdale Insurance Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 932 (8th Cir. 2010). Here, the costs of defense (incurred and probable) are unspecified. Delta's Burlington policy has a per-occurrence limit of $1 million. *Doc. 3 at 82*. In his underlying suit, Griffin seeks damages "for a sum in excess of the minimum jurisdictional requirements in federal court." *Doc. 3 at 18*. The deductible is $500 per claim. *Doc. 3 at 27*. Though there are some missing elements in this calculation, it is clear that the amount in controversy exceeds $75,000. This Court therefore has subject matter jurisdiction.

 **3.** The next question is whether, as Burlington argues, this Court should dismiss without prejudice because the coverage dispute is not yet concrete. Arkansas law bars Griffin from bringing a direct-action liability suit against Burlington absent Griffin first obtaining a judgment against Burlington's insured. ARK. CODE ANN. § 23-89-101(b). But that's not what's happening here. Griffin isn't seeking money from Burlington to satisfy an unpaid tort judgment against Delta. He is seeking a declaration that Delta has coverage. This case boils down to the justiciability question. Is there an actual

controversy between Burlington, the insurer, and Griffin, an injured third-party who hasn't yet obtained a judgment against Delta, the insured?

No. Griffin's declaratory action is premature without the underlying tort suit having been resolved. Burlington's obligations to Griffin are hypothetical at this point. Federal law governs the justiciability issue. Whatever may be the reach of *Poskey*, that Arkansas precedent does not control. *National Security Fire & Casualty Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992). The federal statute authorizes this Court to declare the rights of interested parties in cases of actual controversy. 28 U.S.C. § 2201(a). There must exist "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

There's a live coverage dispute between Burlington and Delta. But neither Burlington nor Delta has sued the other seeking to resolve that actual controversy. If Griffin obtains a judgment against Delta in the underlying tort suit, and if that judgment remains unsatisfied for thirty days after entry, then there will be an actual controversy between Burlington and Griffin, too. We are not there yet. Griffin isn't a party to the Burlington/Delta insurance contract or a third-party beneficiary of it. 16 COUCH ON INSURANCE § 227:32. And he doesn't have a

judgment against Delta. At this point, Griffin's dispute with Burlington is potential, not actual within the meaning of the Declaratory Judgment Act.

While the *Maryland Casualty* decision contains some words that support Griffin's position, the posture of that case was different in important ways. The insurer was a defendant along with the injured third party. Carving out that party, and sending him to state court, risked inconsistent decisions about coverage. Not so here. Griffin hasn't sued Delta in this case.

Griffin offers decisions from the Seventh and Third Circuits that reach the opposite result. *E.g., Truck Insurance Exchange v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th Cir. 1992); *Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345, 353–54 (3d. Cir. 1986). These opinions rightly note the discretionary nature of the justiciability question presented. This Court, like many others, is nonetheless reluctant to follow Judge Posner's reasoning to the conclusion that allowing injured third parties to get an answer to coverage disputes between alleged tortfeasors and their insurers is always the most prudent course. *E.g., Baser v. State Farm Mutual Automobile Insurance Co.*, 560 F. App'x 802 (10th Cir. 2014) (non-precedential); *Pennsylvania National Mutual Casualty Insurance Co. v. Zonko Builders, Inc.*, 2021 WL 406156, at *12 & n.114 (D. Del. 7 September 2021) (collecting cases). It depends. The Declaratory Judgment Act uses the term "may." 28 U.S.C. § 2201(a).

No circumstances are presented in this case that support taking what would be an extraordinary step contrary to settled practice in the Arkansas courts and the federal courts sitting here.

* * *

Griffin's motion to remand, *Doc. 8*, is denied. Burlington's motion to dismiss, *Doc. 4*, is granted. Griffin's complaint will be dismissed without prejudice.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

30 December 2021